[No. 11279.   Department One.   August 13, 1913.]

## W. H. GILBERT, *Appellant*, v. CHICAGO, MILWAUKEE & PUGET SOUND RAILWAY COMPANY, *Respondent*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—DUTY TO GUARD MACHINE—FACTORY ACT—CONSTRUCTION—"SHAFTING." The factory act, Rem. & Bal. Code, § 6587, requiring mill and factory owners to guard dangerous machinery, including all "shafting," does not require the guarding of iron rods or bars while revolving and fed into a journaling machine or lathe; the rods not being "shafting," and the law applying only to the machines and not to the material fed into 'them.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered October 8, 1912, upon sustaining a demurrer to the complaint, dismissing an action for personal injuries sustained by an operator of a turret lathe. Affirmed.

*J. J. Anderson* and *Bates, Peer & Peterson*, for appellant.
*Geo. W. Korte* and *H. S. Griggs*, for respondent.

MOUNT, J.—The lower court sustained the defendant's demurrer to the fourth amended complaint in this action. The plaintiff declined to plead further, and the action was dismissed. The plaintiff has appealed.

The only point in the case is whether or not it was the duty of the defendant to so guard material that was being used in what is called a turret lathe that employees of the respondent might not be injured thereon. The complaint is based upon the allegation that it was the duty of the defendant to guard this material, under the provisions of Rem. & Bal. Code, § 6587 (P. C. 291 § 61), known as the factory act. According to the allegations of the complaint, this turret lathe was used by the respondent for the purpose of dressing or journaling round bars of iron of different lengths and di-

[1]Reported in 134 Pac. 471.

ameters. These bars of iron were passed into the machine which dressed the bars, they being held by means of a clasp. They were then revolved rapidly during the process of journaling. In order to hold the bars in the proper position as they are fed into the machine, three upright standards, about four or five feet apart, are attached to the floor in the line of the machine. These upright standards contain eyelets on the top through which the bars of iron are passed into the machine. They serve to hold the material in place so that it may be passed into the machine. The appellant was injured by coming in contact with a bar which was being milled into the lathe. The statute in question provides:

"Any person, firm, corporation or association operating a factory, mill or workshop where machinery is used shall provide and maintain in use, . . . reasonable safeguards for all vats, pans, trimmers, cut-off, gang edger, and other saws, planers, cogs, gearings, belting, shafting, coupling, set-screws, live rollers, conveyors, mangles in laundries and machinery of other or similar description which it is practicable to guard, and which can be effectively guarded with due regard to the ordinary use of such machinery and appliances, and the dangers to employees therefrom, and with which the employees of any such factory, mill or workshop are liable to come in contact while in the performance of their duties."

It is argued by the appellant that, in view of the fact that the round iron bars which were turned in this lathe were fastened to the lathe and revolved, it therefore became a shaft, within the meaning of the statute. But it is plain, we think, that the legislature, by this provision of the statute, were requiring operators of factories and mills to guard the machines themselves, and not the material which is being fed into the machines. The word shafting, as used in that provision, is a common word of well-known meaning. It is a part of the machine itself upon which pulleys run and is a means of driving the machine the same as belting or pulleys. All these descriptive words used in the statute are parts of

machines, and we think it cannot be reasonably contended that they were intended to apply to materials which were being fed into machines. It is the machines themselves, or the parts thereof which are named, that are required to be guarded by this provision of the statute. The round bars of iron, for which this machine was operated to dress or journal, were fed into this machine much the same as an ordinary lead pencil is fed into a mechanical pencil sharpener. The material which was fed into the machine is no more a part of the machine than a pencil would be a part of the pencil sharpener. We are satisfied that the bar of iron in this case upon which the appellant was injured was not required by the section above cited to be guarded, and that, therefore, the appellant could not recover merely because of the respondent's neglect to guard the same.

The judgment is therefore affirmed.

CROW, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.